UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SENSORY TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:13-CV-0834 SEB-DKL |
| | ) | |
| SENSORY TECHNOLOGY CONSULTANTS, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO CONDUCT**
**LIMITED JURISDICTIONAL DISCOVERY**

Plaintiff Sensory Technologies, LLC ("Sensory Indiana") respectfully requests leave to conduct limited jurisdictional discovery in order to adequately respond to Defendant Sensory Technology Consultants, Inc.'s ("Sensory Utah") Motion to Dismiss for Lack of Personal Jurisdiction. In support of its motion, Sensory Indiana states:

1. Sensory Indiana filed their lawsuit against Sensory Utah on May 22, 2013.

2. On August 8, 2013, Sensory Utah filed a Motion to Dismiss for Lack of Personal Jurisdiction. In support of its motion, Sensory Utah attached the affidavit of Linda Rawson asserting, among other things, her alleged lack of contacts with Indiana. Sensory Indiana's response is currently due on or before August 26, 2013, which date has not yet passed.

3. To allow Sensory Indiana to properly respond to Sensory Utah's motion, including the Rawson affidavit, Sensory Indiana reasonably needs to conduct limited written and oral discovery on the issue of personal jurisdiction. Specifically, Sensory Indiana needs to issue interrogatories and requests for production of documents related to the issue of personal

jurisdiction.   Sensory Indiana also requires a limited deposition of either Sensory Utah or Rawson relating to the issue of personal jurisdiction.

4.     Federal courts routinely permit plaintiffs an opportunity to engage in limited jurisdictional discovery in order to respond to a motion to dismiss for lack of personal jurisdiction.  *See Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998) ("'As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction.' *Edmond v. United States Postal Service Gen. Counsel*, 949 F.2d 415, 428 (D.C. Cir. 1991).  In fact, a district court risks abusing its discretion by not allowing some limited discovery into the personal jurisdiction issue." *See Wyatt v. Kaplan*, 686 F2d 276, 282 (5th Cir. 1982)).

5.     To be allowed to conduct discovery, Sensory Indiana must make a threshold of *prima facie* showing in its pleading that personal jurisdiction might exist over Sensory Utah. *Andersen*, 179 F.R.D. at 241.  The Southern District of Indiana has noted that "[a] plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue [of personal jurisdiction] on affidavits without the benefit of full discovery."  *Ellis v. Fortune Seas, Ltd.,* 175 F.R.D. 308, 312 n.3 (S.D. 1997).

5.     In the instant case, Sensory Indiana believes that Sensory Utah has sufficient minimum contacts with the State of Indiana to establish personal jurisdiction.  Specifically, Sensory Utah has engaged in intentional, tortious conduct that injured, and was directed toward, Indiana residents, namely, Sensory Indiana.  Sensory Indiana is the owner of a federally registered trademark, SENSORY TECHNOLOGIES® (the "Trademark"), and has used the Trademark in commerce since March 2006.  Sensory Indiana is in the business of assisting others with services and products including audio-visual and video conferencing systems, integrating

2

audio-visual and video conferencing systems, help desk technical consultation services, namely technical consultation and troubleshooting of audio-visual and video conferencing systems; customized computer programming for others; and technical consultation regarding audio-visual equipment and video conferencing systems. Sensory Utah is engaged in the business, among other things, of advertising, selling, and providing services that are similar or identical to those provided by Sensory Indiana, including software development, engineering, technical publication, infrastructure, fleet/people tracking, and inventory management solutions. Sensory Utah is a using a name that is both visually and phonetically similar to the Trademark in connection with its business Sensory Technology Consultants, and its business' domain name, www.sensorytech.net.

6.      One issue (among many) to be explored in discovery is Sensory Utah's knowledge of Sensory Indiana and the Trademark. Sensory Utah received multiple cease and desist letters from Sensory Indiana regarding Sensory Utah's use of the Trademark, making it foreseeable to Sensory Utah that the harm of its tortious actions would be felt in Indiana.

7.      Sensory Utah's intentional tortious conduct is sufficient to establish personal jurisdiction under the "effects test." Under the "effects test," specific personal jurisdiction over a nonresident defendant is proper when the defendant's intentional tortious actions causes harm to the plaintiff in the forum state. *Calder v. Jones*, 465 U.S. 783, 788-790 (1984). The Seventh Circuit has subsequently interpreted the "effects test" broadly. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997). In *Janmark*, an intentional tortious interference case, the Seventh Circuit held that Illinois could exercise jurisdiction over the defendants solely because "the injury and thus the tort occurred in Illinois." *Id*. at 1202. The Seventh Circuit reasoned that since without an injury there is no tort and that a wrong does not become a tort until an injury has

occurred, the location of the injury is essential to an understanding of where the tort occurred. *Id.* Because the injury took place in Illinois, the tort occurred in Illinois and was thus actionable in Illinois. *Id.* See also *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*, 34 F.3d 410, 411-12 (7th Cir. 1994) ("Since there can be no tort without an injury, the state in which the injury occurs is the state in which the tort occurs, and someone who commits a tort in Indiana should, one might suppose, be amenable to suit there."); *Riddell v. Monica*, 2003 WL 21799935, * 3 (N.D. Ill., July 25, 2003) ("As defendants were aware, plaintiff's principal place of business is in Illinois, and thus the injury would be felt most severely in Illinois. Under the circumstances, it was foreseeable that defendants would be required to answer for such actions in Illinois."); *Int'l Molding Mach. Co. v. St. Louis Conveyor Col*, 2002 WL 1838130, * 4 (N.D. Ill. Aug. 12, 2002) ("[S]pecific jurisdiction can be proper when the injury occurs in Illinois, even if all of the other relevant conduct took place elsewhere."); *Bunn-O-Matic Corp. v. Bunn Coffee Serv., Inc.*, 88 F. Supp. 2d 914, 920 (C.D. Ill. 2000) (relying on *Janmark* to hold that New York corporation who commits the "torts" of trademark infringement and unfair competition against an Illinois corporation, so that the injury is felt in Illinois, submits itself to the jurisdiction of the Illinois courts). Sensory Indiana should be permitted to explore through the requested limited discovery the extent to which Sensory Utah directed its tortious conduct at Sensory Indiana.

8.     Moreover, Rawson's affidavit in support of Sensory Utah's Motion to Dismiss contains broad, categorical denials of any contacts of Sensory Utah with the State of Indiana. Sensory Indiana should be permitted the opportunity to examine the accuracy of the statements in the affidavit via limited and focused written discovery and the deposition of Rawson or Sensory Utah.

9.      Accordingly, Sensory Indiana should be permitted limited jurisdictional discovery.  The Plaintiffs are willing to limit its jurisdictional discovery to ten (10) interrogatories, fifteen (15) requests for production, and Rawson's deposition and/or a 30(b)(6) deposition of Sensory Utah.  Copies of Sensory Indiana's proposed First Set of Jurisdictional Requests for Production of Documents and First Set of Jurisdictional Interrogatories are attached here as Exhibits A and B.

9.      Sensory Indiana's counsel has conferred with Sensory Utah's counsel and Sensory Utah does not assent to the granting of this motion.

10.     This motion is not made for the purpose of delay.

WHEREFORE, Plaintiffs respectfully requests that the Court (1) allow Sensory Indiana to conduct limited written and oral jurisdictional discovery related to Sensory Utah's motion to dismiss; (2) require Sensory Utah to respond to Sensory Indiana's written discovery within 20 days; (3) allow Sensory Indiana to depose Sensory Utah and/or Linda Rawson within 60 days; and grant Sensory Indiana an additional 30 days following the deposition to respond to the pending motion to dismiss.

Respectfully submitted,


___/s/  Tracy N. Betz
Jonathan G. Polak
Tracy N. Betz
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
Telephone:  (317)713-3500
Facsimile:  (317)713-3699
Email:  jpolak@taftlaw.com
Email:  tbetz@taftlaw.com

*Counsel for Plaintiff  Sensory Technologies, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 15, 2013, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF registered counsel by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.

Constance R. Lindman                          David L. Mortensen
SMITHAMUNDSEN LLC                             STOEL RIVES LLP
E-mail:  CLindman@salawus.com                 E-mail:  dlmortensen@stoel.com


                                    /s/ Tracy N. Betz
                                   Tracy N. Betz

1910014.1

6