**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**


| | | |
|---|---|---|
| SENSORY TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  1:13-cv-0834 SEB-DKL |
| | ) | |
| v. | ) | |
| | ) | |
| SENSORY TECHNOLOGY | ) | |
| CONSULTANTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |


**MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING RESOLUTION OF
SENSORY TECHNOLOGY CONSULTANTS, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Defendant Sensory Technology Consultants, Inc. ("Sensory Utah") hereby submits this

memorandum in support of its motion to stay discovery and related proceedings in the above-

captioned matter (the "Motion to Stay") pending resolution of Sensory Utah's pending motion to

dismiss for lack of personal jurisdiction (the "Motion to Dismiss").

**INTRODUCTION**

Sensory Utah and plaintiff Sensory Technologies, LLC ("Sensory Indiana") have each

been in business for at least seven years.  During that time, they have operated hundreds of miles

apart and in entirely different business spheres.  And, undoubtedly as a result, in seven years of

business, Sensory Utah has not had a single incident of a customer confusing it with Sensory

Indiana.  Despite those many years of peaceful coexistence, Sensory Indiana filed a lawsuit

against Sensory Utah for trademark infringement and unfair competition.  While Sensory Utah

firmly denies Sensory Indiana's claims, Sensory Utah timely filed the Motion to Dismiss based

on a lack of personal jurisdiction because Sensory Utah has no contacts with the State of Indiana.

74355791.1 0048787-00001

Despite the pending Motion to Dismiss and strong likelihood that this Court lacks personal jurisdiction over Sensory Utah, Sensory Indiana still seeks to force Sensory Utah to proceed with extensive and costly discovery in this Court.  As set forth below, rather than reward Sensory Indiana for running to the closest court despite having no real evidence supporting jurisdiction, the Court should stay discovery and related proceedings pending resolution of the Motion to Dismiss.  Such a brief stay would promote judicial efficiency, conserve the parties' resources, and would not prejudice Sensory Indiana.

## STATEMENT OF FACTS

1.      Sensory Utah is a small Utah corporation with its principal place of business in Morgan, Utah.  *See* Compl. [Dkt. # 1] ¶ 4; *see also* Declaration of Linda Rawson (08/08/13) ("Rawson Decl.") ¶ 2, attached as Exhibit 1 to the Motion to Dismiss [Dkt. #14].  Sensory Utah has been in business since 2006.  *See* Rawson Decl. ¶ 3.

2.      Sensory Utah is a professional services company that specializes in software development, engineering, technical publication, infrastructure, fleet/people tracking, and inventory management solutions primarily for government clients.  *See id.* ¶ 4.

3.      Sensory Indiana is an Indiana limited liability company, which has allegedly been using the name "Sensory Technologies" in commerce since March 2006.[1]   *See* Compl. ¶¶ 3, 9. Sensory Indiana is primarily in the business of designing, engineering and installing audio and video conferencing systems.  *See id.* ¶ 10.

4.      On May 22, 2013, nearly seven years after the parties started doing business, Sensory Indiana filed a complaint against Sensory Utah for trademark infringement and unfair competition.  *See generally* Compl. [Dkt. #1]. With respect to personal jurisdiction, the

---

[1]  According to the Indiana Secretary of State records, Sensory Indiana is not itself a limited liability company, but is actually a "dba" of Markey's Video Images, LLC, an Indiana limited liability company.

complaint alleges only that "Sensory Utah does business over the Internet from an e-commerce website, www.sensorytech.net, selling services to customers across the United States." *See id.* ¶ 4.

5.      Because Sensory Utah has had no contacts with the State of Indiana and operates a passive website, Sensory Utah timely filed a motion to dismiss Sensory Indiana's complaint for lack of personal jurisdiction. *See generally* Motion to Dismiss [Dkt. #14].

6.      Sensory Indiana's response brief to the Motion to Dismiss is due on August 29 and Sensory Utah's reply brief will be due 7 days after service of Sensory Indiana's response. *See* Local Rule 7-1(c).  Accordingly, the Motion to Dismiss should be fully briefed and ready for decision by the Court by September 5.

7.      Sensory Utah's counsel has conferred with Sensory Indiana's counsel and Sensory Indiana does not assent to the granting of this motion..

## ARGUMENT

It is well-established that courts have the inherent power to determine the timing, methods and scope of discovery.  *See* Fed. R. Civ. P. 26(c), (d).  Indeed, the Supreme Court has held that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  As a result, the decision to stay proceedings is committed to the Court's sound discretion.  *See Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006).  In exercising that discretion, the Supreme Court instructs that courts weigh the parties' competing interests, including judicial efficiency, conservation of the parties' resources, and whether the stay will prejudice the non-moving party.  *See Landis*, 299 U.S. at 254-55.  Likewise, in determining whether to grant a stay,

this Court has identified three factors:  whether the requested stay will (1) reduce the burden of

litigation on the parties and the court; (2) unduly prejudice or tactically disadvantage the non-

moving party; and (3) simplify the issues in question and streamline the trial.  *See Cook Inc. v.*

*Endologix, Inc.*, 2010 WL 325960 *1 (S.D. Ind. Jan. 21, 2010); *Irving Materials, Inc. v. Zurich*

*Am. Ins. Co.*, 2008 WL 1971468 *2 (S.D. Ind. May 5, 2008).

Here, the competing interests weigh in favor of staying the proceedings pending

resolution of the Motion to Dismiss.  As set forth below, a temporary stay in this case would (1)

reduce the burden  on both parties by allowing them to avoid potentially unnecessary costs

associated with litigating in an improper forum; (2) reduce the burden on the Court by not

requiring it to oversee proceedings in a case where it may lack jurisdiction; (3) not unduly

prejudice Sensory Indiana as it will still be able to pursue its claims after the Motion to Dismiss

has been resolved and the parties have already co-existed for seven years; and (4) simplify the

issues in question by, at a minimum, avoiding unnecessary discovery disputes, avoiding

potentially duplicative litigation in two forums, and allowing the parties to know which court's

rules and procedures will govern discovery.  Indeed, for these and other reasons, other courts

have exercised their inherent power to stay proceedings pending resolution of a motion to

dismiss for lack of personal jurisdiction.  *See, e.g., Aurora Bank FSB v. Network Mortgage*

*Servs., Inc.*, Civil Action No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *1-3 (D. Colo.

June 19, 2013) (granting motion to stay discovery pending resolution of motion to dismiss for

lack of personal jurisdiction after weighing relevant factors); *Emerson v. Lincoln Elec. Holdings,*

*Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1-2 (W.D. Mo. Mar. 12, 2009) (staying

proceedings pending resolution of motion to dismiss for lack of personal jurisdiction because a

"stay of proceedings is routine where jurisdictional challenges are pending"); *Orchid*

*Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive.  Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources.  Should Defendant's motion be denied, Plaintiff will still have ample time and opportunity to conduct discovery on the merits.").  Likewise, this Court should stay the proceedings here.

        **1.**        **Sensory Utah is Likely to Prevail on the Motion to Dismiss.  Accordingly, the Court Should Stay Discovery.**

Initially, a stay of discovery is particularly proper in this case because Sensory Utah is likely to prevail on the Motion to Dismiss.  In addressing motions to stay pending resolution of a dispositive motion, courts often review the defendant's motion to gauge the probability that the case will be dismissed for lack of personal jurisdiction.  *See Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1-2 (W.D. Mo. Mar. 12, 2009) ("a summary review of Defendant's Motion to Dismiss shows jurisdiction may well be lacking"); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 693 (M.D. Fla. 2003) ("it is helpful, often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious").  If it appears that the motion is well-founded, courts are more likely to grant the motion to stay.

Here, a "preliminary peek" at Sensory Utah's motion reveals that it is highly likely the Court will grant the Motion to Dismiss.  As set forth therein, Sensory Utah has had no contact with Indiana.  It has no customers in Indiana, has done no business in Indiana, does not control any assets in Indiana, does not maintain an office, employees, or bank accounts in Indiana, and it

does not purposely target or direct its services toward residents or potential clients in Indiana.

Beyond that, contrary to Sensory Indiana's unsupported allegation, Sensory Utah's website is a

passive website through which Sensory Utah shares information about its services to third-

parties, but it makes no effort to specifically target entities in Indiana.  Such a website fails to

support the exercise of personal jurisdiction.  Because Sensory Utah's website is indiscriminately

aimed at all potential clients, and does not target Indiana in any way, it does not provide a basis

to assert personal jurisdiction over Sensory Utah.  *See, e.g., be2 LLC v. Ivanov*, 642 F.3d 555,

559 (7th Cir. 2011); *Wine & Canvas Dev., LLC v. Roberts*, No. 1:12cv1752-JMS-TAB, 2013

WL 1099895, at *4 (S.D. Ind. Mar. 15, 2013).   Thus, Sensory Utah is likely to prevail on its

Motion to Dismiss and the Court should enter the requested stay pending resolution of that

motion.

> **2.      The Relevant Factors Weigh in Favor of Granting the Stay.**
>
> *A.  A Stay Will Reduce the Burden of Litigation on the Parties and the Court.*

There can be little doubt that determining the proper forum before proceeding with

substantive discovery in this case is in the best interests of judicial economy.

Initially, proceeding with discovery before the parties have filed their pleadings will

undoubtedly result in inefficient, piecemeal discovery.  In order for the parties to complete

discovery in the most efficient manner, it is best for them to understand the legal and factual

issues.  If the parties proceed with discovery while the Motion to Dismiss is pending, they will

not have a complete understanding of the issues in the litigation.  Consequently, the parties will

likely have to serve more written discovery and take (or retake) depositions after the Motion to

Dismiss has been resolved and Sensory Utah files its responsive pleading.  As a result, the parties

will incur the costs associated with searching, reviewing and producing their documents on multiple occasions and may find themselves disputing whether witnesses can be re-deposed.

Additionally, proceeding with discovery at this point would unnecessarily increase legal costs.  Until the proper forum is determined, selection of litigation counsel is, at best, a gamble. Currently, Sensory Indiana is represented by a law firm located in Indiana.  Conversely, believing that Utah is the proper forum, Sensory Utah is represented by a law firm in Utah and a law firm in Indiana.  Allowing discovery to proceed before the proper forum is determined will force Sensory Utah to incur the costs associated with two law firms.  If the Court determines that Indiana is an improper forum, legal fees spent on counsel in Indiana (which may not be involved in the new forum) would be wasted.  On the other hand, if the Court determines Indiana is a proper forum, Utah counsel may be unnecessary.  Either way, the parties ought to know where the case will proceed before making decisions about which counsel it will pay to draft discovery, review documents, take depositions, and participate in any hearings.

In fact, proceeding with substantive discovery while the Motion to Dismiss is pending will defeat the purpose of the Motion to Dismiss.  It is well-established that the purpose of personal jurisdiction is to protect a defendant, who has no meaningful contact with a state, from the burdens of defending a lawsuit far from home.  *See U.S. v. Morton*, 467 U.S. 822, 828 (1984).  Here, proceeding with discovery while the Motion to Dismiss is pending would force Sensory Utah to bear the burdens associated with litigating across the country.  Additionally and maybe most importantly, proceeding with the litigation in Indiana may prejudice Sensory Utah, which has limited resources and may not be able to travel to Indiana to observe and participate in hearings.  This is exactly the result the personal jurisdiction requirement was intended to prevent.

Finally, a stay is in the best interests of judicial economy.  It is well-established that orders entered by a court without proper jurisdiction are of no effect.  *See Burnham v. Superior Court of California*, 495 U.S. 604, 608-09 (1990).  Thus, any hearing conducted and order entered by the Court would be void if this Court lacks personal jurisdiction.  Rather than have this Court spend its time reviewing memoranda, conducting hearings and issuing what could amount to advisory opinions, judicial economy is best served by a short stay.

### B.   Sensory Indiana Will Not Be Prejudiced by a Stay.

Sensory Utah and Sensory Indiana have been operating in their respective geographic and economic spheres for seven years.  During that time, Sensory Utah has not experienced a single incident of confusion between the two companies.  Thus, having waited seven years to bring its claim, Sensory Indiana cannot claim that it would be prejudiced by a short stay while the parties brief, and the Court decides, the Motion to Dismiss.

### C.   A Stay Will Simplify the Issues in Question and Streamline the Trial.

Lastly, a stay will likely simplify the issues in question and allow the parties to more efficiently prepare for trial.  The typical procedure in litigation is to begin discovery after the parties have filed their respective pleadings.  Doing so allows the parties to understand all of the issues to be raised in the litigation and conduct their discovery in the most efficient means.  Here, the only pleading on file is Sensory Indiana's complaint.  Once the Motion to Dismiss has been decided and the proper forum determined, Sensory Utah may file a motion to dismiss for substantive reasons.  Alternatively, Sensory Utah may file an answer, which will undoubtedly admit certain facts (thereby reducing the factual issues) and deny others (thereby identifying the disputed issues).  Sensory Utah will also include various affirmative defenses, which may require additional discovery.  And, finally, Sensory Utah may assert a counterclaim, which will require

Sensory Indiana to file a responsive pleading.  Without the benefit of those pleadings, the parties may unnecessarily disagree over the scope of discovery, resulting in unnecessary motion practice.  Additionally, as set forth above, proceeding with discovery before the parties have completed their pleadings will likely result in piecemeal litigation causing disputes over whether a party's deposition could be reopened to address subsequent issues.

Ultimately, the Court (and the parties) should have the benefit of the parties' pleadings before proceeding to discovery.  Accordingly, the Court should grant the Motion and enter a stay pending resolution of the Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, Sensory Utah respectfully requests that this Court stay discovery and related proceedings in this matter pending resolution of Sensory Utah's pending motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

*s/Constance R. Lindman*
Constance R. Lindman
SMITH AMUNDSEN LLC
201 North Illinois Street
South Tower, 16th Floor
Indianapolis, IN  46204-1904
Telephone:  (317) 927-3602
Facsimile:  (317) 997-1872
E-mail:  CLindman@salawus.com

David L. Mortensen
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT  84111-4904
Telephone:  (801) 328-3131
Facsimile:  (801) 578-6999
E-mail:  dlmortensen@stoel.com

Attorneys for Sensory Technology
Consultants, Inc.