## UNITED STATES DISTRICT COURT
### for the SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| SENSORY TECHNOLOGIES, LLC,      ) | |
|     ) | |
|     **Plaintiff,**     ) | |
|     ) | |
|     *vs.*     ) | **CAUSE NO.  1:13-cv-834-SEB-DKL** |
|     ) | |
| SENSORY TECHNOLOGY     ) | |
| CONSULTANTS, INC.,     ) | |
|     ) | |
|     **Defendant.**     ) | |

### ENTRY and ORDER

**Plaintiff's** *Motion for Leave to Conduct Limited Jurisdictional Discovery* **[dkt. 15],**
**Defendant's** *Motion to Stay Proceedings* **[dkt. 16],**
**and**
**Order to Show Cause or Amend Complaint**

Plaintiff Sensory Technologies, LLC ("Sensory Indiana") alleges that defendant Sensory Technology Consultants, Inc. ("Sensory Utah") has infringed Sensory Indiana's registered trademark "SENSORY TECHNOLOGIES," falsely designated the origin of its goods and services, and engaged in unfair competition by conducting business under a confusingly similar name.  Sensory Indiana asserts federal and state claims and seeks a declaratory judgment, preliminary and permanent injunctive relief, damages (compensatory, statutory, trebled, and punitive), attorney's fees, and costs.  Sensory Utah, which is incorporated and has its principal place of business in Utah, *Complaint* [dkt. 1] ¶ 4; *Rawson Declaration* [dkt. 14-2] ¶ 2, has moved the Court to dismiss this Cause for lack of

personal jurisdiction on the ground that it lacks the required minimum contacts with Indiana. [Dkt. 14.] Sensory Indiana — which the Court assumes, for the purposes of the present motions, has only Indiana citizenship (more on that below) — filed the present motion for leave to conduct limited jurisdictional discovery before responding to Sensory Utah's motion to dismiss. [Dkt. 15 ("*Discovery Motion*").] In response, Sensory Utah filed the second present motion, to stay these proceedings, including discovery, until the Court rules on its motion to dismiss. [Dkt. 16 ("*Stay Motion*").] The Court concludes that Sensory Indiana has not shown justification for subjecting Sensory Utah to jurisdictional discovery, that this Cause should be stayed pending the Court's ruling on Sensory Utah's motion to dismiss, and that briefing should be resumed on that motion.

A plaintiff does not have an automatic right to discovery relating to personal jurisdiction:   rather, it must first make a *prima facie* or colorable showing, with some competent evidence, that a plausible basis for personal jurisdiction over Sensory Utah exists. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *Andersen v. Sportmart*, 179 F.R.D. 236, 241-42 (N.D. Ind. 1998); *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997). "This standard is quite low, but a plaintiff's request for discovery will nevertheless be denied if it is only based upon 'bare,' 'attenuated,' or 'unsupported' assertions of personal jurisdiction . . . ." *Andersen*, 179 F.R.D. at 242. Courts must require this threshold showing and carefully control discovery in order to protect out-of-forum defendants from unjustifiably being

subjected to the burdens of discovery and litigation in the forum state, which would undermine the very purpose of personal jurisdiction. *Central States*, 230 F.3d at 947; *Ellis*, 175 F.R.D. at 312.

### Status of Sensory Indiana

A preliminary procedural matter first must be addressed. Sensory Utah included a footnote in its *Stay Motion* advising that, according to the records of Indiana's Secretary of State, "Sensory Technologies, LLC", the name by which Plaintiff has sued, is not a limited-liability company but is a "d/b/a" of Markey's Video Images, L.L.C., which is registered with the Secretary of State as a limited-liability company. (*Memorandum in Support of Motion to Stay* [dkt. 16-1] ("*Stay Brief*") at 2 n. 1.) The Secretary of State's website shows that "Sensory Technologies" (without the "LLC" designation) was registered by Markey's Video Images, L.L.C., as an "assumed name".[1]

According to subdivision (a) of Fed. R. Civ. P. 17, "[a]n action must be prosecuted in the name of the real party in interest" and, according to subdivision (b)(3), "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."

Under Indiana law, a trade name is not a legal entity and "has no proper standing" to litigate as a party or to sue or be sued. *Pein v. Miznerr*, 84 N.E. 981, 983 (Ind. 1908); *Wine & Canvas Development, L.L.C. v. Weisser*, 886 F.Supp.2d 930, 942 (S.D. Ind. 2012) ("In *Pein*,

---

[1] See https://secure.in.gov/sos/online_corps/name_search.aspx (search "sensory technologies").

the Indiana Supreme Court held a trade name is a non-entity that lacks the capacity to be sued"). Unless Markey's Video Images, L.L.C., can show that, under Indiana law, it has the capacity to sue in its assumed name, and that its assumed name is a real party in interest under state and federal law, Fed. R. Civ. P. 17(a) and (b), then it must amend its complaint to name itself as the plaintiff.

Naming of the real party in interest is also necessary for establishing subject-matter jurisdiction in diversity cases, especially when a party is a limited-liability company whose citizenships are the citizenships of each of its members. *Thomas v. Guardsmark, L.L.C.*, 487 F.3d 531, 534 (7th Cir. 2007). While there is no dispute that federal-question jurisdiction exists over the Lanham-Act and other federal-law claims in this case and, therefore, that supplemental jurisdiction exists over any state claims, in the event the federal claims are dropped or dismissed, it will become necessary for Markey's Video Images, L.L.C. to identify its members and their citizenships in order to establish diversity jurisdiction over the remaining state claims.

Plaintiff will be ordered either to show cause why the *Complaint* should not be dismissed for failure to name the real party-in-interest as plaintiff or to amend its *Complaint* to name the real party-in-interest.

**Personal jurisdiction**

A court acquires personal jurisdiction over a defendant when it has been duly served with process or has voluntarily appeared. *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); Fed. R. Civ. P. 4(k)(1). The due-process clauses of the Fifth and Fourteenth Amendments to the United States Constitution limit courts' exercises of extra-territorial jurisdiction to only those defendants who have enough minimum contacts with the sovereign that created the court such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Stafford v. Briggs*, 444 U.S. 527, 553-54 (1980) (J. Stewart, dissenting); *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945); *Medical Mutual of Ohio v. deSoto*, 245 F.3d 561, 567-68 (6th Cir. 2001); *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-37 (7th Cir. 2000). The general principle is that there must be "some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *See J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011 ) (plurality opinion). For cases falling under a district court's federal-question subject-matter jurisdiction, the due-process clause of the Fifth Amendment requires that a defendant have minimum contacts with the United States, not the particular state forum in which the court sits. *Id.* However, unless a federal statute provides for nationwide service of process, Rule 4(k) of the *Federal Rules of Civil Procedure* constricts the exercise of this Constitutionally broad jurisdiction by

limiting the territorial reach of the district courts' service of process to the limits of jurisdiction that their forum states define for their own courts of general jurisdiction. Fed. R. Civ. P. 4(k)(1)(A) and (C). The due-process clause of the Fourteenth Amendment limits the reach of states' extra-territorial, or "long-arm" jurisdiction to defendants who have enough minimum contacts with the state that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

There is no dispute in this Cause that no federal statute provides nationwide service of process for any of Sensory Indiana's federal causes of action. Indiana's long-arm, or extra-territorial, jurisdiction is defined by its procedural rule, Ind. Trial Rule 4.4(A). Thus, whether personal jurisdiction exists over Sensory Utah in this Cause depends on whether **(1)** Sensory Utah was duly served with process, **(2)** Indiana's T.R. 4.4(A) is satisfied, **(3)** Sensory Utah has the contacts with Indiana required by due process, and **(4)** the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. *See Williams v. RCP Corp.*, 302 F.3d 660, 666 (7th Cir. 2002). Sensory Utah's motion to dismiss argues that the Court lacks personal jurisdiction over it because it does not have the required minimum contacts with Indiana and subjecting it to jurisdiction would not comport with traditional notions of fair play and substantial justice. Neither party has indicated any issue regarding satisfaction of Ind. T.R. 4.4(A) or the sufficiency of service of process on Sensory Utah.

Sensory Indiana wants to conduct limited written and oral discovery into relevant

jurisdictional facts and to test the accuracy of Ms. Rawson's declaration.  It attached to its motion five proposed interrogatories and nine proposed requests for production.[2]  It also wants to conduct a deposition of Ms. Rawson and/or a Rule 30(b)(6) deposition of Sensory Utah.  No subjects of inquiry for the deposition were submitted.  Sensory Indiana concedes that "[t]o be allowed to conduct discovery, Sensory Indiana must make a threshold of [*sic*] *prima facie* showing in its pleading that personal jurisdiction might exist over Sensory Utah." (*Discovery Motion* ¶ 5 (citing *Andersen*, 179 F.R.D. at 241).)

When a defendant challenges personal jurisdiction by a motion to dismiss, the plaintiff bears the burden to establish that jurisdiction exists.   *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  Sensory Indiana contends that both general and specific personal jurisdiction exists over Sensory Utah.

### General jurisdiction

General, or all-purpose, jurisdiction exists over a non-present defendant when it has systematic and continuous contacts with the forum that are so extensive and pervasive that they approximate the defendant being physically present or "at home" within the state.[3] *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 131 S.Ct. 2846, 2851 (2011); *Tamburo v.*

---

[2] In its motion, Sensory Indiana stated that it is willing to limit its discovery to ten interrogatories and fifteen requests for production, (*Discovery Motion* ¶ 9), yet it attached only five proposed interrogatories and nine proposed production requests.  The Court assumes that Sensory Indiana wants to serve only the submitted discovery requests and only those requests are at issue.

[3] General jurisdiction can also exist by explicit consent and, for individuals, physical presence within the forum at time of service, regardless of domicile.  See *Nicastro*, 131 S.Ct. at 2787 (plurality opinion).

*Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).  Such virtual presence in the state justifies the exercise of jurisdiction even for claims that are unrelated to the defendant's contacts with or activities within the state.  For a corporate entity, the paradigm fora for general jurisdiction are the corporation's state of incorporation and state of principal place of business.  *Goodyear*, 131 S.Ct. at 2853-54.  The types of facts considered for general jurisdiction include the state of control-group offices, the state where official corporate records are maintained, and the state from where corporate operations are supervised.  See *Goodyear*, 131 S.Ct. at 2856.  Ordinary commercial activities (*e.g.*, numbers and dollar-amounts of sales and marketing efforts) and temporary visits by corporate personnel to the forum for negotiations or training are an insufficient basis for finding general jurisdiction.  *Id.*

Sensory Indiana's complaint includes the following pertinent allegations relating to jurisdiction:  **(1)** Sensory Utah does business over the internet *via* a website at the address www.sensorytech.net, *Complaint* ¶ 4; **(2)** Sensory Utah advertises, sells, and provides services across the United States that are similar or identical to those provided by Sensory Indiana, *id.* ¶ 14; **(3)** Sensory Indiana sent four cease-and-desist letters to Sensory Utah from January to April 2013, *id.* ¶ 17; **(4)** Sensory Utah acted with knowledge of Sensory Indiana's registered trademark, *id.* ¶18;  **(5)** Sensory Utah has acted willfully, intentionally, and deliberately to trade on Sensory Indiana's trademark rights and goodwill and with the intent to cause confusion, mistake, or deception in the market, and with conscious

disregard of Sensory Indiana's rights, *id*, ¶¶ 18, 19, 20, 25, 32, 34.

In support of its motion to dismiss, Sensory Utah submitted a declaration by Linda Rawson, its founder, chief executive officer, and president.  [Dkt. 14-2.]  In it, she declares that Sensory Utah does not have and never has had any office, real property, bank accounts, place of business, or facility in Indiana.  It has no current or past business operations, never paid taxes, never employed individuals to promote its business, and never has been a party to litigation in Indiana.  None of its employees have traveled to or been in Indiana for training, work, personal, or any other reason.  It does not offer special deals or promotions to Indiana residents, has never conducted direct advertising in Indiana, has never specifically solicited Indiana clients, and has never had a contract or other agreement with a client or customer in Indiana.  Ms. Rawson also declares that Sensory Utah was unaware of the existence of Sensory Indiana until receiving its cease-and-desist letters in 2013.  While Sensory Utah operates a website, Ms. Rawson declares that it is a passive or non-interactive website, offering only information; the website does not offer any products or services for purchase through the site and does not target residents of Indiana.  Sensory Utah does not purposely direct any advertising toward residents or clients in Indiana.  *Declaration of Linda Rawson* [dkt. 14-2] ("*Rawson Decl.*").

Sensory Indiana's allegations do not amount to a *prima facie* case for general jurisdiction and Ms. Rawsen's undisputed declarations are contrary to the existence of general jurisdiction.  In its supplemental brief on the impact of *Goodyear* (requested by the

Court), Sensory Indiana concedes that "[i]t may seem unlikely that general jurisdiction exists over Sensory Utah in Indiana, but without the benefit of discovery, Sensory Indiana cannot possibly know if Sensory Utah has the types of contacts required by *Goodyear Dunlop Tire* to support general jurisdiction." (*Sensory Technologies, LLC's Brief Discussing the Impact of the Goodyear Dunlop Tires Operations Case* [dkt. 24] at 1-2.)  The *Complaint*'s allegations are not relevant to the *Goodyear* factors and do not come close to showing that Sensory Utah was virtually present or "at home" in Indiana.  Moreover, Sensory Indiana's proposed interrogatories and requests for production are not directed to any of the *Goodyear* factors relevant to general jurisdiction.

The Court finds and concludes that Sensory Indiana has not made a *prima facie* or colorable showing of general jurisdiction that warrants subjecting Sensory Utah to jurisdictional discovery in this Cause.

### Specific jurisdiction

Fourteenth-Amendment due process recognizes that an out-of-state defendant's lower level of contacts with a state may justify the state's exercise of a narrower scope of jurisdiction:  claims that arise out of or are connected with only the defendant's forum-related activities.  This "specific jurisdiction" requires that the defendant's allegedly injurious activities be expressly aimed or targeted at the forum.  Mere prediction that a defendant's offending goods might reach the forum or that its activities might have an injurious effect in the forum is insufficient.  *See Nicastro*, 131 S.Ct. at 2788 (plurality

opinion).  A defendant who is alleged, as in this case, to have committed an intentional tort, may be subject to a state's specific personal jurisdiction if it "expressly aim[ed] its actions at the state with the knowledge that they would cause harm to the plaintiff there." *Mobile Anesthesiologists*, 623 F.3d at 445.  Both express aiming at the forum (or, at the plaintiff in the forum)[4] and knowledge of resulting in-forum harm are required.  In the specific context of a trademark-violation claim, *Mobile Anesthesiologists* foreclosed some avenues of showing express aiming and knowledge of harm:  the court of appeals held that a defendant's maintenance of a website that is accessible to a forum state's residents is insufficient to show express aiming and that the constructive notice resulting from trademark registration is insufficient to show knowledge of causation of harm in the forum.  *Id.* at 446.  In addition, the court held that a defendant's receipt of a plaintiff's cease-and-desist letters is insufficient to show either express aiming at the forum or knowledge of causing harm to the plaintiff in the forum.  *Id.* at 446-47.

*Mobile Anesthesiologists* thus renders moot, as jurisdictional facts, the *Complaint*'s allegations that Sensory Utah does business *via* a website and received Sensory Indiana's four cease-and-desist letters.  What remain are allegations that **(1)** Sensory Utah advertises, sells, and provides services across the United States that are similar or identical to those provided by Sensory Indiana, ¶ 14; **(2)** Sensory Utah acted with knowledge of Sensory

---

[4] *Tamburo*, 601 F.3d at 706-08 ("Tortious acts aimed at a target in the forum state and undertaken for the express purpose of causing injury there are sufficient to satisfy *Calder*'s express-aiming requirement.").

Indiana's trademark, ¶ 18; and **(3)** Sensory Utah acted willfully, intentionally, and deliberately to infringe Sensory Indiana's trademark with the intent to cause confusion, mistake, or deception in the market, ¶¶ 18, 19, 20, 25, 32, 34.  The first allegation, that Sensory Utah conducts business nationwide, does not support any inference that it expressly aimed its activities at Indiana or Sensory Indiana in Indiana, or that it knew of harm likely to be suffered by Sensory Indiana in Indiana.  The second and third allegations, that Sensory Utah knew of Sensory Indiana's trademarks and acted intentionally to violate same, are only conclusory; no competent evidence is adduced to convert these allegations into plausible facts.

In support of its *Discovery Motion*, Sensory Indiana states that "[o]ne issue (among many) to be explored is Sensory Utah's knowledge of Sensory Indiana and the Trademark," yet the only fact asserted to justify the exploration is Sensory Utah's receipt of the four cease-and-desist letters, "making it foreseeable to  Sensory Utah that the harm of its tortious actions would be felt in Indiana." (*Discovery Motion* at 3.)  As noted, *Mobile Anesthesiologists* renders that assertion moot.  Sensory Indiana also wants to explore "the extent to which Sensory Utah directed its tortious conduct at Sensory Indiana." (*Id.* at 4.) In short, Sensory Indiana concedes that it cannot now allege any *competent evidence* of *facts* showing either express aiming at or knowledge of harm in Indiana.  It wants less to go exploring and more to go fishing.  Sensory Indiana has failed to make a *prima facie* or colorable showing that specific personal jurisdiction exists in Indiana and, thus, has not

shown justification for subjecting Sensory Utah to jurisdictional discovery in this Cause.

## Conclusion and Orders

Plaintiff's *Motion for Leave to Conduct Limited Jurisdictional Discovery* [dkt. 15] is **DENIED**.

Defendant's *Motion to Stay Pending Resolution of Sensory Technology Consultants, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction* [dkt. 16] is **GRANTED**.

Proceedings in this Cause, except for those provided herein, are hereby **STAYED** pending the Court's ruling on Defendant's *Motion to Dismiss* [dkt. 14].

Briefing on Defendant's *Motion to Dismiss for Lack of Personal Jurisdiction* [dkt. 14] shall resume. In accordance with S.D. Ind. L.R. 7-1(c)(2)(A), Plaintiff's response brief shall be filed **no later than fourteen days after the date of this Entry and Order**. Defendant's reply brief, if any, shall be filed in accordance with S.D. Ind. L.R. 7-1(c)(2)(B).

**No later than fourteen days after the date of this Entry and Order**, Plaintiff shall either **(1)** show cause why the *Complaint* should not be dismissed for failure to name the real party-in-interest as plaintiff; **(2)** move for leave to amend the *Complaint* to name the real party-in-interest, Fed. R. Civ. P. 15(a)(2); or **(3)** file an amended *Complaint*, with Defendant's written consent, naming the real party-in-interest as plaintiff, Fed. R. Civ. P. 15(a)(2). If the *Complaint* is amended to substitute Markey's Video Images, L.L.C., as

plaintiff, then Sensory Utah's motion to dismiss shall be deemed effective against the

amended complaint.

**SO ORDERED this date:** 09/17/2013


_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

Jonathan G. Polak
Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER, L.L.P.
jpolak@taftlaw.com
tbetz@taftlaw.com

Constance R. Lindman
SMITH AMUNDSEN, L.L.C.
clindman@salawus.com

David L. Mortensen
STOEL RIVES, L.L.P.
dlmortensen@stoel.com